■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGAR AUSTIN, Also Known as EDGAR CLEVELAND, Appellant. —Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered June 14, 1983, convicting him of burglary in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Police officers responding to a radio transmission of a burglary in progress at a house in Yonkers encountered the defendant as he emerged from the house with a plastic bag full of coins belonging to the occupant. The defendant ran away but was apprehended about half a mile away hiding under some pilings in the Hudson River. He was pulled from the water and arrested and a pair of brass knuckles was found in his pants pocket.

We find from our review of the record that the defendant's guilt of burglary in the second degree and criminal possession of a weapon in the third degree was proven beyond a reasonable doubt. Furthermore, the record belies the defendant's claim on appeal that he was denied the effective assistance of counsel. Despite the strength of the prosecution's case, the representation afforded the defendant was skillful, vigorous and certainly meaningful within the standard of People v Baldi (54 NY2d 137).

Lastly, the alleged error in the court's charge has not been preserved for appellate review. In any event, we find no error in the court's charge on circumstantial evidence. In a case such as the instant one where the evidence was both direct and circumstantial, it is not necessary for the court to use the words "proof to a moral certainty" in its charge (see, People v Barnes, 50 NY2d 375, 380; People v Ford, 66 NY2d 428, 442). Mollen, P. J., Thompson, Rubin and Kunzeman, JJ., concur.